# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN CHISOLM,<br><br>           Plaintiff,<br><br>v.<br><br>7-ELEVEN, INC., a Texas corporation,<br><br>           Defendant. | Case No.: 18cv893-MMA (MDD)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO RE-TAX DEFENDANT 7-ELEVEN, INC.'S BILL OF COSTS**<br><br>[Doc. No. 50] |

  Plaintiff Helen Chisolm ("Plaintiff") filed this employment discrimination action against Defendant 7-Eleven, Inc. ("Defendant" or "7-Eleven") alleging various violations of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940, *et seq.*, and wrongful termination in violation of public policy. *See* Doc. No. 1. The Court granted summary judgment in favor of Defendant on May 23, 2019. Doc. No. 37. On June 26, 2019, the Clerk held a hearing for taxation of costs. *See* Doc. No. 49 at 1; *see also* Doc. Nos. 39, 41, 42, 47. The Clerk taxed $5, 952.13 in costs in favor of Defendant on July 10, 2019. Doc. No. 49 at 4.

  On July 16, 2019, Plaintiff filed a motion to re-tax costs. Doc. No. 50. Defendant filed a response in opposition and Plaintiff replied. Doc. Nos. 51, 52. The Court found the matter suitable for determination on the papers and without oral argument pursuant to

Civil Local Rule 7.1.d.1. Doc. No. 53. For the following reasons, the Court **GRANTS** Plaintiff's motion.

The California Supreme Court has held that the standard delineated by the United States Supreme Court in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), applies to discretionary awards of attorneys' fees and costs to prevailing FEHA parties under California Government Code section 12965(b). *Williams v. Chino Valley Indep. Fire Dist.*, 61 Cal. 4th 97, 99-100 (2015); Cal. Gov't Code § 12965(b) ("In civil actions brought under this section, the court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs . . . ."). Thus, a prevailing defendant in a FEHA case "should not be awarded fees and costs unless the court finds the action was objectively without foundation when brought, or the plaintiff continued to litigate after it clearly became so." *Williams*, 61 Cal. 4th at 115 (citing *Christiansburg Garment Co.*, 434 U.S. at 421-22). In other words, litigation costs are awarded to a prevailing FEHA defendant where the action brought is found to be unreasonable, frivolous, meritless or vexatious. *See Christiansburg Garment Co.*, 434 U.S. at 421.

It appears Plaintiff's claims were brought in good faith and with the honest belief that she had been wronged. Defendant argues Plaintiff's action was frivolous because she "offered no evidence to support her claims." Doc. No. 51 at 6. Although the Court ultimately concluded that Defendant should prevail at summary judgment, the Court does not find that this was a case where Plaintiff's suit was frivolous, unreasonable, or without foundation. The Court found that Plaintiff had some circumstantial evidence of her claims but concluded that the evidence did not create a genuine issue of material fact. *See* Doc. No. 37 at 15, 23, 26-29, 35-39. The Court ultimately granted summary judgment due to the lack of evidence demonstrating a causal link between the alleged protected activity and adverse actions and because Defendant demonstrated a legitimate, non-discriminatory reason for the adverse actions. *See id.* at 18-19, 21, 35-40. Additionally, the Court sustained several evidentiary objections raised by Defendant. *See id.* at 6-11. As such, the Court did not consider some of Plaintiff's supporting evidence.

*Id.* Thus, this is not a situation where the claim was "wholly without merit." *See Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007). Rather, this is a case where there was ultimately not enough admissible evidence to proceed to trial. *See Shah v. Mt. Zion Hosp. & Med. Ctr.*, 642 F.2d 268, 270 n.2 (9th Cir. 1981) (affirming denial of fee where plaintiff "had not established a prima facie case of discrimination," but the claim was "not entirely 'frivolous, unreasonable, or without foundation'").

Based on the foregoing, the Court **GRANTS** Plaintiff's motion (Doc. No. 50), **DENIES** costs, and **VACATES** the Clerk of Court's Order dated July 10, 2019 (Doc. No. 49).

**IT IS SO ORDERED**.

Dated: August 28, 2019

Hon. Michael M. Anello
United States District Judge